UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GUILLERMO GIL,

        Plaintiff,

v.                                                      Case No. 5:03-cv-198-Oc-10GRJ

UNITED STATES OF AMERICA,

        Defendant.

_____

## MEMORANDUM DECISION AND ORDER

Plaintiff Guillermo Gil, a federal prisoner, initiated this case under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, contending that the United States is liable to him for damages stemming from a food-poisoning incident that occurred while Plaintiff was incarcerated at FCC Coleman-Low. In an Amended Answer to the Complaint, the United States conceded liability for any damages accruing to Plaintiff as a result of the incident.[1] A non-jury trial on the sole issue of Plaintiff's damages was held before the undersigned on February 13, 2006. In accordance with Fed. R. Civ. P. 52, the following constitutes the Court's findings of fact and conclusions of law.

## Trial Evidence

The evidence adduced at trial reflects the following. On the morning of April 23, 2002, Plaintiff ate breakfast in the prison chow hall. The meal included ham that had been stored overnight in a malfunctioning cooler. The Plaintiff testified that he was in the prison recreation yard later in the morning when he began to experience nausea, vomiting, diarrhea, chills, headache, and dizziness. Plaintiff and other inmates who

---

[1] See Doc. 82.

became ill went to the prison medical department.  Plaintiff was treated by Physician's Assistant ("P.A.") Gilbert Michel.  According to Plaintiff, he was given medication and Gatorade, and the inmates were provided with mattresses on which to lie down.  Plaintiff later returned to his housing unit and continued to experience vomiting and diarrhea, some of which contained blood.  He testified that he was unable to eat and did not begin to feel better until the third day following the onset of his illness.

Plaintiff testified that subsequent to the illness he became "picky" about what he ate in the chow hall and was fearful of eating the chow hall food.  He testified that he experiences headaches sometimes.  He testified that he is sometimes fearful of eating, and in particular stated that he was unable to eat a ham and cheese sandwich that was offered to him in the course of his transfer to this Court for trial.  He testified that he has lost 15 pounds as a result of being unable to eat some foods.

On cross-examination, Plaintiff acknowledged that his medical records do not show that he sought treatment for food-poisoning symptoms after April 23, 2002, and he could not recall having sought further treatment.  Plaintiff testified, and Defendant's trial exhibits reflect, that on April 24, 2003, the day following the onset of Plaintiff's illness, Plaintiff obtained a medical "lay-in", excusing him from reporting for work on April 24 and 25, 2002.[2]   Plaintiff testified that he believes he still suffers from some bleeding due to the food-poisoning incident, but that he has not been checked for that.  He testified that he is able to participate in the same sports that he participated in before April 23, 2002.

Dr. Ivan Negron, the clinical director for FCC Coleman, testified on behalf of the Defendant.  Dr. Negron testified that Plaintiff's medical records showed that Plaintiff was diagnosed with acute gastroenteritis on the morning of April 23, 2002, and received

---

[2] See Def. Exh. 1.

treatment on that date, and did not return to the clinic until June 4, 2002, when the records reflect that Plaintiff complained of constipation.  Dr. Negron testified that the constipation would not have been caused by the medication that Plaintiff received for his April 23, 2002, illness.  Dr. Negron also testified on cross-examination that it was common to give a patient a two-day lay-in following an illness like Plaintiff's so that the patient can rest and recover completely.

P.A. Michel also testified for the Defendant.  P.A. Michel was on duty in the clinic and treated Plaintiff on April 23, 2002.  Plaintiff received an injection of phenergan for vomiting and imodium for diarrhea, and also received phenergan suppositories.  P.A. Michel authorized Plaintiff's two-day lay-in slip on April 24, 2002, for recuperation because Plaintiff had been sick with diarrhea.  P.A. Michel subsequently examined Plaintiff on June 4, 2002, in connection with Plaintiff's complaint of constipation and Plaintiff did not say that he believed his complaint was related to the earlier food poisoning.  P.A. Michel also treated Plaintiff in March 2003 for rectal pain caused by a hemorrhoid.  There is no evidence that this complaint stems from the April 23, 2002, food-poisoning incident.

## Proof of Damages

The United States, in tort claim actions, is liable to the same extent and in the same manner as a private individual, "in accordance with the law of the place where the act or omission occurred."[3]  Under Florida negligence law, a plaintiff may recover for bodily injuries sustained and any resulting pain and suffering, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future.[4]  Because Plaintiff is a

---

[3] 28 U.S.C. § 1346(b)

[4] Talcott v. Holl, 224 So. 2d 420 (Fla. Dis. Ct. App. 1969).

federal prisoner, his claims are subject to a limitation on recovery contained in the FTCA which provides that "no [prisoner] may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."[5]  Plaintiff bears the burden of proving his entitlement to damages by a preponderance of the evidence.

There is no dispute that Plaintiff was severely ill with acute gastroenteritis on April 23, 2002, the day that he was seen in the prison clinic.  Although the Defendant at trial sought to characterize Plaintiff's illness as a "24-hour bug" that did not continue beyond the date of onset, Plaintiff's credible testimony showed that he continued to experience symptoms for three days.  Further, the medical testimony and documents reflect that Plaintiff received a medical lay-in excusing him from any duties, which the treating P.A. stated was an appropriate recuperative period for a patient suffering from severe diarrhea.   Taken as a whole, the preponderance of the evidence supports a determination that Plaintiff suffered with the symptoms of acute gastroenteritis for a period of three days beginning on April 23, 2002, and ending on April 25, 2002.

The greater weight of the evidence does not support Plaintiff's claim that he continues to suffer any physical effects stemming from the acute gastroenteritis on April 23, 2002.  Plaintiff offered no objective evidence that any headaches, blurred vision, blood in his stool, or stomach pain can fairly be traced to the incident.[6]  Plaintiff's medical records are devoid of any evidence that Plaintiff sought treatment for any complaint that could be attributed to the incident.  Accordingly, Plaintiff's claim for damages for physical illness are limited to the three-day period during which, as the evidence shows, he experienced symptoms.

---

[5] 28 U.S.C. § 1346(b)(2).  Defendants have raised this limitation as an affirmative defense.  See Doc. 82.

[6] See Plaintiff's Pretrial Narrative Statement, Doc. 49.

Plaintiff contends that he suffers from a psychological aversion to certain foods as a result of the food poisoning and suffers from loss of sleep from distress.[7] Plaintiff testified that he is "picky" and cannot, for instance, eat a ham and cheese sandwich. To overcome the limitation on recovery for mental injury that is applicable to prisoners in a FTCA case, the underlying physical injury "must be more than *de minimis*, but need not be significant."[8] It is unnecessary to decide whether Plaintiff's episode of acute gastroenteritis is more than *de minimis* for purposes of this limitation because the greater weight of the evidence does not support a finding that Plaintiff has sustained any compensable mental injury. Plaintiff offered no objective evidence that he suffers from any mental injury stemming from the incident. Although Plaintiff expressed an understandable aversion to eating ham, he offered no evidence that his aversion extends to other foods such that he is unable to sustain himself. The Court therefore concludes that Plaintiff is not entitled to any damages for his asserted mental injury.

## Calculation of Damages

Because Plaintiff is a federal prisoner, his illness did not cause him to incur any medical expenses, lost wages, or other special damages. Plaintiff's recovery is therefore limited to his intangible damages for pain and suffering, inconvenience, and loss of capacity for enjoyment of life. The Court finds that Plaintiff incurred intangible losses for three days as a result of the food poisoning. In view of the nature of the illness and its short-term impact on Plaintiff, the Court finds that the sum of $150.00 is a fair and reasonable amount to compensate Plaintiff for his intangible losses.

---

[7] See Plaintiff's Pretrial Narrative Statement at 49.

[8] Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), *op. vacated, reinstated in part on reh'g*, Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (construing analogous limitation in 42 U.S.C. § 1997e(e)).

## Conclusion

For these reasons, judgment should be entered in favor of the Plaintiff and against the Defendant. Plaintiff shall have and recover from defendant the sum of $150.00. The Clerk of the Court is directed to enter judgment accordingly.[9]

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on this 17th day of February 2006.

*[signature]*
GARY R. JONES
United States Magistrate Judge

c: Guillermo Gil
   Counsel of Record

---

[9] Any application for costs or attorneys' fees under the Equal Access to Justice Act must be filed within 30 days of judgment. See 28 U.S.C. § 2412.